UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW JERSEY,<br>by the Attorney General of the State of New Jersey<br>25 Market Street<br>Trenton, NJ 08625<br><br>         Plaintiff,<br>     v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street NW<br>Washington, DC 20240<br><br>         Defendant. | Civil Action No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

**COMPLAINT FOR INJUNCTIVE RELIEF**

### I.   NATURE OF ACTION

1.   On April 6, 2018, the State of New Jersey ("Plaintiff") submitted a FOIA request to the Department of the Interior ("DOI" or "Defendant") relating to DOI's decision to exclude Florida from its 2019-2024 National Outer Continental Shelf ("OCS") Oil and Gas Leasing Program. Despite longstanding and consistent objections from coastal Atlantic states like New Jersey, DOI proposes to open waters from Maine to Florida to oil and natural gas drilling. New Jersey explained that DOI's offshore drilling proposal would harm the State's natural resources, coastline, and economy, and called on DOI to remove the offshore areas near New Jersey and its adjacent states from these plans. Although DOI has ignored New Jersey's request, DOI granted an exemption from offshore drilling to Florida—the same day DOI Secretary Ryan Zinke had a

meeting with Florida Governor Rick Scott.  New Jersey submitted its FOIA request in order to understand why Florida—but not New Jersey—received this exemption.

2. DOI did not respond within 20 business days with a determination as to whether it would comply with New Jersey's FOIA request, as required by 5 U.S.C. § 552(a)(6)(A)(i).  On May 21, 2018, after not receiving a response, Plaintiff submitted an e-mail to DOI's FOIA Office requesting the status of its FOIA request.  On May 30, 2018, the FOIA Office responded that it was waiting on receipt of the responsive records from the program office, and was working to complete the request, but provided no timeline by which the request would be fulfilled.  At this time—more than six months after New Jersey filed its request—DOI has not provided any more information and still has not produced any documents to Plaintiff.

3. New Jersey brings this action against DOI to compel compliance with FOIA, 5 U.S.C. § 552.  New Jersey seeks an injunction directing DOI to adhere to FOIA and to search for and produce all responsive documents.

## II. JURISDICTION AND VENUE

4. This court has subject-matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III. PARTIES

7. Plaintiff State of New Jersey is represented by its Attorney General, Gurbir S. Grewal, with a principal place of operation at 25 Market St., Trenton, NJ 08625.

8. Defendant Department of Interior is a federal agency within the meaning of FOIA, 5 U.S.C. §552(f)(1), and is headquartered at 1849 C St. NW, Washington, DC 20240. DOI has possession, custody, and control of records to which Plaintiff seeks access.

### IV.  STATUTORY FRAMEWORK

9. FOIA provides every person with a right to request and receive federal agency records. *See* 5 U.S.C. § 552(a)(3)(A).

10. In an effort to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. *See id.* § 552(a)(6)(A).

11. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. *Id.* § 552(a)(6)(A)(i).

12. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013).

13. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

14. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. *Id.* § 552(a)(6)(A)(i).

15. An agency's failure to comply with timing requirements is constructive denial and satisfies the requester's requirement to exhaust administrative remedies. *Id.* § 552(a)(6)(C)(i).

16. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. *See id.* § 552(a)(4)(B).

### V. FACTUAL ALLEGATIONS

17. On January 8, 2018, DOI published a Notice of Availability of its 2019-2024 National OCS Oil and Gas Leasing Draft Proposed Program ("Draft Proposed Program"), which examines the potential offshore leasing areas to determine when and where lease sales for oil and gas drilling will occur.

18. In the Draft Proposed Program, Secretary Zinke proposed including the Atlantic OCS in the areas available for lease sale, which would open waters from Maine to Florida to oil and natural gas drilling, despite significant and longstanding objections from the affected states.

19. New Jersey, through comments submitted by Governor Phil Murphy, Attorney General Grewal, and the Department of Environmental Protection, objected to DOI's inclusion of areas offshore of New Jersey and its neighboring coastal states in the Draft Proposed Program.

20. On January 9, 2018, Secretary Zinke met with Florida's Governor, Rick Scott, and the same day announced that areas offshore of Florida would be removed from consideration for leasing in the 2019-2024 Oil and Gas Leasing Program.

21. Despite the vociferous objections of other coastal states along the Atlantic OCS, including New Jersey, Secretary Zinke and DOI have not indicated that any other state would be removed from the 2019-2024 Oil and Gas Leasing Program.

22. In order to understand the facts and the reasoning leading to Secretary Zinke's decision that Florida would be removed from the OCS Leasing Program—but that other coastal states would not be—Plaintiff submitted a FOIA request to DOI on April 6, 2018 via e-mail.

23. The FOIA request requested the following records:

- All records reflecting any consultations, meetings, or other communications between Secretary Zinke and Governor Scott, or any agents, consultants, or employees of their respective offices, relating to the Secretary's decision to remove Florida from the OCS Leasing Program.

- All records regarding any consultations, meetings, or other communications pertaining to the scheduling of the January 9, 2018 meeting between Secretary Zinke and Governor Scott.

- All records reflecting any consultations, meetings, or other communications prior to the January 9, 2018 meeting between Secretary Zinke and Governor Scott pertaining to the agenda or planned topics of discussion for the meeting.

- All records reflecting any consultations, meetings, or other communications following the January 9, 2018 meeting between Secretary Zinke and Governor Scott pertaining to the OCS Leasing Program.

- All records reflecting any consultations, meetings, or other communications following the January 9, 2018 meeting between Secretary Zinke and Governor Scott pertaining to any proposed terms or agreements reached between Secretary Zinke and Governor Scott on Florida's exemption from the OCS Leasing Program.

- All records reflecting any consultations, meetings, or other communications within the Department of Interior relating to the Secretary's decision not to yet remove any other affected state from the OCS Leasing Program.

- Any FOIA requests submitted by any entity or citizen and responses in your possession related to: 1) the exemption of Florida from the OCS Leasing Program; or 2) the January 9, 2018 meeting between Secretary Zinke and Governor Scott.

24. The FOIA request stated the time frame for the request was January 20, 2017 to the date of DOI's response.

25. In its FOIA request, Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii) because disclosure is in the public interest, is likely to contribute significantly to public understanding of the operations or activities of government, and is not primarily in the commercial interest of the requestor.

26. DOI's determination regarding the FOIA requests was due by May 3, 2018.

27. On May 21, 2018, having received no correspondence or acknowledgement of its FOIA request from DOI, Plaintiff sent an e-mail to DOI's FOIA office requesting the status of its April 6, 2018 request.

28. The FOIA officer responded to Plaintiff's e-mail on May 30, 2018, stating

> Thank you for your inquiry for request # OS-2018-00986. At this time we are still waiting on a program office to send us any potentially responsive records as we do not retain records in the OS FOIA office. Once we have those records, we can begin processing them. While we cannot provide you a timeline at this point, please be assured we are working to complete your request as promptly as we can.

29. At the time of this Complaint's filing, Plaintiff has not received any further correspondence from DOI and DOI has provided no responsive documents.

30. Because DOI failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(A)(C).

## VI.    CLAIM FOR RELIEF

31.    Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32.    By failing to make a determination as to Plaintiff's FOIA request within the statutorily mandated time period, DOI has violated its duties under FOIA, 5 U.S.C. §552, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonable segregable nonexempt information, and to not withhold responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court:

1.    Order DOI to conduct a search, by a date certain, for any and all responsive records to Plaintiff's April 6, 2018 FOIA request and demonstrate that it employed search methods reasonably likely to lead to discovery of all responsive records;

2.    Order DOI to produce, by a date certain, any and all nonexempt responsive records and a <u>Vaughn</u> index of any responsive records withheld under a claim of exemption;

3.    Enjoin DOI from withholding any and all nonexempt responsive records;

4.    Award Plaintiff its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.    Grant Plaintiff any other relief this court deems appropriate.

                        Respectfully submitted,

                        GURBIR S. GREWAL
                        Attorney General of New Jersey

Date:  10/10/18               By: /s/   Robert Kinney
                                   Robert Kinney (D.C. Bar No. 448636)
                                   R.J. Hughes Justice Complex
                                   25 Market Street
                                   Trenton, N.J. 08625
                                   (609) 376-2789
                                   Robert.Kinney@law.njoag.gov